Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED

*April 17, 2024*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **Criminal No. 4:24-cr-00205** |
| | § | |
| **ANGEL REYES ISIDRO,** | § | |
| **aka ANGEL REYES,** | § | |
| **aka LUCAS ISIDRO REYES,** | § | |
| **Defendant.** | § | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this indictment:

1.    The Immigration and Nationality Act (INA), enacted by Congress, provided a process for an employer to bring a foreign national into the United States for employment, on a temporary basis, as a non-agricultural worker.

2.    In order to hire a foreign worker, a prospective employer must first obtain an H-2B visa for each foreign worker.  The first step in obtaining an H-2B visa is to petition the Department of Labor (DOL) for Temporary Employment Certification by filing an Application for Temporary Employment Certification, Form 9142B.  DOL will certify the application if the work is temporary, qualified United States workers are insufficient in number, and employment of foreign workers will not adversely affect the wages and working conditions of U.S. workers.  After the Form 9142B is certified, the prospective employer may then file a Petition for Nonimmigrant Worker, Form I-129 with the Department of Homeland Security, United States Citizenship and Immigration Services (USCIS).  The prospective employer must inform USCIS the location of employment, job

description and wages.

3. The prospective employer is required to provide truthful information in the Forms 9142B and I-129, which require signature under penalty of perjury.

4. The Code of Federal Regulations 20 CFR § 655.20(b) and (c) requires that employers must pay their H-2B workers at least the wage rate specified in the job order. The wage rate must be met "free and clear" without unauthorized deductions or kickbacks to the employer.

5. The Code of Federal Regulations 20 CFR 655.20(o) prohibits the employer from seeking or receiving payment of any kind from the worker for any activity related to obtaining H-2B labor certification or employment, including employer's attorney or agent fees, application and H-2B petition fees, recruitment costs, or any fees attributed to obtaining the Application for Temporary Employment Certification. Payments include, but are not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in-kind payments, and free labor. All wages must be paid "free and clear."

6. Defendant, **ANGEL REYES ISIDRO, aka ANGEL REYES, aka LUCAS ISIDRO REYES (REYES),** was the manager and controlled **J & G Concessions, LLC (J & G Concessions**). J & G Concessions was a business listed at an address on Pitner Road, Houston, TX 77080 in the Southern District of Texas. **REYES** is a resident of the Southern District of Texas.

7. On or about November 18, 2016, Emmanuel TORRES, CPA, PLLC (TORRES) executed Articles of Incorporation for "**J & G Concessions, LLC**" listing himself as the registered agent at 2855 Mangum Road, Suite 415, Houston, TX 77092, and **REYES** as a 'Manager' with an address on Pitner Road, Houston, TX 77080 with the Texas Secretary of State.

8. On or about May 9, 2019, **REYES** signed Department of Labor (**DOL**) Form ETA-9142B – Appendix B in the name Angel REYES, title President, for 24 H-2B visa beneficiaries. This document is listed as DOL case number **H-400-18348-488676**.

9. On or about May 9, 2019, **REYES** signed USCIS Form I-129 identifying himself as the President of **J & G Concessions, LLC** located on Pitner Road in Houston, TX 77080, and listed a Federal Employer Identification Number (FEIN). This document requests approval for 24 H-2B visa beneficiaries.

10. On or about May 18, 2019, the **U.S. Citizenship and Immigration Services** (**USCIS**) approved petition **WAC-19-199-51257** for 24 unnamed H-2B visa beneficiaries.

11. Between the dates of June 18, 2019 through August 6, 2019, the **U.S. Department of State** (**DOS**) issued H-2B visas for beneficiaries to work in the United States for **J & G Concessions** on petition **WAC-19-199-51257**. All 24 H-2B visa beneficiaries entered the United States from June 26, 2019 through August 7, 2019. Four of the beneficiaries were sent to another employer:

   i) **F.H.S.** (Visa Control# 2019169 854 0003). Issued visa on June 18, 2019. Entered the United States utilizing issued visa on June 19, 2019.

   ii) **K.M.M.** (Visa Control# 2019169 854 0004). Issued visa on June 18, 2019. Entered the United States utilizing issued visa on June 19, 2019.

   iii) **H.G.G.** (Visa Control # 2019175 593 0002). Issued visa on June 24, 2019. Entered the United States on June 26, 2019.

   iv) **Y.G.D.R.** (Visa Control #2019211 903 0004). Issued visa on July 31, 2019. Entered the United States utilizing issued visa on July 31, 2019.

12. After the H-2B beneficiaries entered the United States, Defendant informed them for the

first time that he would charge them visa fees (in violation of 20 CFR 655.20), and seven of the beneficiaries paid Defendant those fees.

13. Defendant failed to pay many of the workers the prevailing wage by paying them on a commission system that fell below the minimum pay per week required by law. Defendant placed the workers in cramped and crowded conditions where workers had to take turns sleeping on the floor because there was not enough bed space.

14. When workers complained about payment of illegal visa fees or poor working conditions, Defendant threatened to cause workers to be deported or prevent workers from obtaining future H-2B visa opportunities.

15. Defendant's scheme of lying to obtain H-2B visas for employees he did not need and providing false promises about pay and conditions for those employees resulted in Defendant profiting from this scheme. Defendant received payment for the illegal transfer of four H-2B beneficiaries to another employer. He also profited from receipt of the illegal visa fees and failure to pay the prevailing wage.

## Count 1
Visa Fraud
18 U.S.C.§ 1546(a)

16. The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

17. On or about May 18, 2019, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

did knowingly use, possess, obtain, accept, and receive an immigrant visa, permit, and other document prescribed by statute or regulation for entry into or as evidence of authorized stay and

employment in the United States, that is, an H-2B visa in the name of K.M.M., which the defendant knew to be procured by means of a false claim and statement and otherwise procured by fraud, in that the defendant claimed he had a bona fide need for the temporary workers in the petition for the H-2B visas and would pay the prevailing wage without charging illegal fees, at Houston, Texas; in violation of Title 18, United States Code, Section 1546(a).

### Count 2
Visa Fraud
18 U.S.C.§ 1546(a)

18.     The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

19.     On or about May 18, 2019, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

did knowingly use, possess, obtain, accept, and receive an immigrant visa, permit, and other document prescribed by statute or regulation for entry into or as evidence of authorized stay and employment in the United States, that is, an H-2B visa in the name of F.H.S., which the defendant knew to be procured by means of a false claim and statement and otherwise procured by fraud, in that the defendant claimed he had a bona fide need for the temporary workers in the petition for the H-2B visas and would pay the prevailing wage without charging illegal fees, at Houston, Texas; in violation of Title 18, United States Code, Section 1546(a).

### Count 3
Visa Fraud
18 U.S.C.§ 1546(a)

20.     The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

21.     On or about May 18, 2019, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

did knowingly use, possess, obtain, accept, and receive an immigrant visa, permit, and other document prescribed by statute or regulation for entry into or as evidence of authorized stay and employment in the United States, that is, an H-2B visa in the name of H.G.G., which the defendant knew to be procured by means of a false claim and statement and otherwise procured by fraud, in that the defendant claimed he had a bona fide need for the temporary workers in the petition for the H-2B visas, at Houston, Texas; in violation of Title 18, United States Code, Section 1546(a).

## Count 4
Visa Fraud
18 U.S.C.§ 1546(a)

22.     The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

23.     On or about May 18, 2019, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

did knowingly use, possess, obtain, accept, and receive an immigrant visa, permit, and other document prescribed by statute or regulation for entry into or as evidence of authorized stay and employment in the United States, that is, an H-2B visa in the name of Y.G.D.R., which the defendant knew to be procured by means of a false claim and statement and otherwise procured by fraud, in that the defendant claimed he had a bona fide need for the temporary workers in the petition for the H-2B visas, at Houston, Texas; in violation of Title 18, United States Code, Section 1546(a).

**Count 5**
Fraud in Foreign Labor Contracting
18 U.S.C. § 1351

24.     The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

25.     On or about May 9, 2019, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

did knowingly and with the intent to defraud, recruit, solicit, and hire a person outside the United States, for the purpose of employment in the United States, by means of materially false and fraudulent pretenses, representations, and promises regarding employment, namely that Defendant would not receive unauthorized fees, deductions, and "kickbacks" from K.M.M., and K.M.M. would receive a minimum prevailing wage, in violation of Title 18, United States Code, Section 1351.

**Count 6**
Fraud in Foreign Labor Contracting
18 U.S.C. § 1351

26.     The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

27.     On or about May 9, 2019, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

did knowingly and with the intent to defraud, recruit, solicit, and hire a person outside the United States, for the purpose of employment in the United States, by means of materially false and fraudulent pretenses, representations, and promises regarding employment, namely that Defendant

would not receive unauthorized fees, deductions, and "kickbacks" from F.H.S., and F.H.S. would receive a minimum prevailing wage, in violation of Title 18, United States Code, Section 1351.

### Count 7
Fraud in Foreign Labor Contracting
18 U.S.C.§ 1351

28. The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

29. On or about May 9, 2019, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,
aka ANGEL REYES,
aka LUCAS ISIDRO REYES,**

did knowingly and with the intent to defraud, recruit, solicit, and hire a person outside the United States, for the purpose of employment in the United States, by means of materially false and fraudulent pretenses, representations, and promises regarding employment, namely that Defendant would not receive unauthorized fees, deductions, and "kickbacks" from R.A.A., and R.A.A. would receive a minimum prevailing wage, in violation of Title 18, United States Code, Section 1351.

### Count 8
Fraud in Foreign Labor Contracting
18 U.S.C.§ 1351

30. The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

31. On or about May 9, 2019, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,
aka ANGEL REYES,
aka LUCAS ISIDRO REYES,**

did knowingly and with the intent to defraud, recruit, solicit, and hire a person outside the United States, for the purpose of employment in the United States, by means of materially false and

fraudulent pretenses, representations, and promises regarding employment, namely that Defendant would not receive unauthorized fees, deductions, and "kickbacks" from M.A.F.G., and M.A.F.G. would receive a minimum prevailing wage, in violation of Title 18, United States Code, Section 1351.

### Count 9
Fraud in Foreign Labor Contracting
18 U.S.C.§ 1351

32.    The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

33.    On or about May 9, 2019, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

did knowingly and with the intent to defraud, recruit, solicit, and hire a person outside the United States, for the purpose of employment in the United States, by means of materially false and fraudulent pretenses, representations, and promises regarding employment, namely that Defendant would not receive unauthorized fees, deductions, and "kickbacks" from J.M.M., and J.M.M. would receive a minimum prevailing wage, in violation of Title 18, United States Code, Section 1351.

### Count 10
False Document
18 U.S.C.§ 1001(a)(3)

34.    The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

35.    On or about December 19, 2019, in the Southern District of Texas,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

did knowingly and willfully make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by submitting false payroll records to the Department of Labor – Wage and Hour Division, claiming higher wages than he paid,  at Houston, Texas, in the Southern District of Texas, well knowing and believing he paid less than the amounts he reported.

In violation of Title 18, United States Code, Section 1001(a)(3).

## Count 11
Mail Fraud
18 U.S.C.§ 1341

36.     The Grand Jury adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Indictment as if set out fully herein.

37.     After obtaining the 24 H-2B employees, Defendant immediately sent four of these employees to work for another employer, despite claiming he had a bona fide need for these workers. Defendant also charged illegal visa fees to nine of the H2-B workers. Instead of paying the prevailing wage to all workers, Defendant paid less than the promised prevailing wage to many of these workers.

38.     On or about May 10, 2019, in the Southern District of Texas and elsewhere,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

the defendant, with the intent to defraud, willfully participated in, with knowledge of its fraudulent nature, the above-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises.

39.     On or about May 10, 2019, in the Southern District of Texas, for the purpose of executing

and attempting to execute the above-described scheme and artifice to defraud and deprive, Defendant knowingly caused to be delivered by mail, through his agent James Judkins, the following matter: Form I-129 for petition WAC-19-199-51257. This mail was transmitted from 806 Morgan Boulevard, Suite J, Harlingen, TX 78550 to 24000 Avila Rd, Rm 2312, Laguna, CA 92677. All in violation of Title 18, United States Code, Section 1341.

## NOTICE OF FORFEITURE
(18 U.S.C. § 982(a)(6))

Pursuant to Title 18, United States Code, Section 982(a)(6), the United States gives notice to the defendant,

**ANGEL REYES ISIDRO,
aka ANGEL REYES,
aka LUCAS ISIDRO REYES,**

that in the event of conviction of the visa fraud offenses charged in Counts One to Four of this Indictment, the United States intends to seek forfeiture of:

(1) Any conveyance, including any vehicle, used in the commission of the offense;

(2) Any property, real or personal, that constitutes, or is derived from, or is traceable to, proceeds obtained directly and indirectly from the commission of the offense; and

(3) Any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

## NOTICE OF FORFEITURE
(18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice to the defendant,

**ANGEL REYES ISIDRO,
aka ANGEL REYES,**

**aka LUCAS ISIDRO REYES,**

that in the event of conviction of the fraud in foreign labor contracting offenses charged in Counts Five to Nine and of the mail fraud offense charged in Count Eleven of this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

<u>**Money Judgment and Substitute Assets**</u>

The United States gives notice that it will seek a money judgment against the defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendants up to the value of the property subject to forfeiture.

A TRUE BILL:

Original Signature on File
FOREPERSON OF THE GRAND JURY

Alamdar S. Hamdani
UNITED STATES ATTORNEY

Christine J. Lu
Assistant United States Attorney