UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 2 2 2026

Nathan Ochsner, Clerk of Court

| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:24-cr-205-S |
| | § | |
| ANGEL REYES ISIDRO, | § | |
| aka ANGEL REYES, | § | |
| aka LUCAS ISIDRO REYES, | § | |
| Defendant. | § | |

## SUPERSEDING INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

## INTRODUCTION

At all times material to this Information:

1.    The Immigration and Nationality Act (INA), enacted by Congress, provided a process for an employer to bring a foreign national into the United States for employment, on a temporary basis, as a non-agricultural worker.

2.    In order to hire a foreign worker, a prospective employer must first obtain an H-2B visa for each foreign worker. The first step in obtaining an H-2B visa is to petition the Department of Labor (DOL) for Temporary Employment Certification by filing an Application for Temporary Employment Certification, Form 9142B. DOL will certify the application if the work is temporary, qualified United States workers are insufficient in number, and employment of foreign workers will not adversely affect the wages and working conditions of U.S. workers. After the Form 9142B is certified, the prospective employer may then file a Petition for Nonimmigrant Worker, Form I-129 with the Department of Homeland Security, United States Citizenship and Immigration Services (USCIS). The prospective employer must inform USCIS the location of employment, job

description and wages.

3. The prospective employer is required to provide truthful information in the Forms 9142B and I-129, which require signature under penalty of perjury.

4. The Code of Federal Regulations 20 CFR § 655.20(b) and (c) requires that employers must pay their H-2B workers at least the wage rate specified in the job order. The wage rate must be met "free and clear" without unauthorized deductions or kickbacks to the employer.

5. The Code of Federal Regulations 20 CFR § 655.20(o) prohibits the employer from seeking or receiving payment of any kind from the worker for any activity related to obtaining H-2B labor certification or employment, including employer's attorney or agent fees, application and H-2B petition fees, recruitment costs, or any fees attributed to obtaining the Application for Temporary Employment Certification. Payments include, but are not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in-kind payments, and free labor. All wages must be paid "free and clear."

6. Defendant, **ANGEL REYES ISIDRO, aka ANGEL REYES, aka LUCAS ISIDRO REYES (REYES),** was the manager and controlled **J & G Concessions, LLC (J & G Concessions).** J & G Concessions was a business listed at an address on Pitner Road, Houston, TX 77080 in the Southern District of Texas. **REYES** is a resident of the Southern District of Texas.

7. On or about November 18, 2016, Emmanuel TORRES, CPA, PLLC (TORRES) executed Articles of Incorporation for "**J & G Concessions, LLC**" listing himself as the registered agent at 2855 Mangum Road, Suite 415, Houston, TX 77092, and **REYES** as a 'Manager' with an address on Pitner Road, Houston, TX 77080 with the Texas Secretary of State.

8. On or about May 9, 2019, **REYES** signed Department of Labor (**DOL**) Form ETA-9142B – Appendix B in the name Angel REYES, title President, for 24 H-2B visa beneficiaries. This document is listed as DOL case number **H-400-18348-488676**.

9. On or about May 9, 2019, **REYES** signed USCIS Form I-129 identifying himself as the President of **J & G Concessions, LLC** located on Pitner Road in Houston, TX 77080, and listed a Federal Employer Identification Number (FEIN). This document requests approval for 24 H-2B visa beneficiaries.

10. On or about May 18, 2019, the **U.S. Citizenship and Immigration Services (USCIS)** approved petition **WAC-19-199-51257** for 24 unnamed H-2B visa beneficiaries.

11. Between the dates of June 18, 2019 through August 6, 2019, the **U.S. Department of State (DOS)** issued H-2B visas for beneficiaries to work in the United States for **J & G Concessions** on petition **WAC-19-199-51257**. All 24 H-2B visa beneficiaries entered the United States from June 26, 2019 through August 7, 2019. Four of the beneficiaries were sent to another employer:

    i) **F.H.S.** (Visa Control# 2019169 854 0003). Issued visa on June 18, 2019. Entered the United States utilizing issued visa on June 19, 2019.

    ii) **K.M.M.** (Visa Control# 2019169 854 0004). Issued visa on June 18, 2019. Entered the United States utilizing issued visa on June 19, 2019.

    iii) **H.G.G.** (Visa Control # 2019175 593 0002). Issued visa on June 24, 2019. Entered the United States on June 26, 2019.

    iv) **Y.G.D.R.** (Visa Control #2019211 903 0004). Issued visa on July 31, 2019. Entered the United States utilizing issued visa on July 31, 2019.

12. After the H-2B beneficiaries entered the United States, Defendant informed them for the

first time that he would charge them visa fees (in violation of 20 CFR 655.20), and seven of the beneficiaries paid Defendant those fees.

13. Defendant failed to pay many of the workers the prevailing wage by paying them on a commission system that fell below the minimum pay per week required by law. Defendant placed the workers in cramped and crowded conditions where workers had to take turns sleeping on the floor because there was not enough bed space.

14. When workers complained about payment of illegal visa fees or poor working conditions, Defendant threatened to cause workers to be deported or prevent workers from obtaining future H-2B visa opportunities.

15. Defendant's scheme of lying to obtain H-2B visas for employees he did not need and providing false promises about pay and conditions for those employees resulted in Defendant profiting from this scheme. Defendant received payment for the illegal transfer of four H-2B beneficiaries to another employer. He also profited from receipt of the illegal visa fees and failure to pay the prevailing wage.

### Count 1
Conspiracy to Engage in Visa Fraud
18 U.S.C. §§ 371 and 1546(a)

16. The United States Attorney adopts, realleges, and incorporates herein the allegations in paragraphs 1-15 of this Information as if set out fully herein.

17. From on or about May 2019, and continuing through on or about April 2024, in the Southern District of Texas, and elsewhere,

**ANGEL REYES ISIDRO,
aka ANGEL REYES,
aka LUCAS ISIDRO REYES,**

did knowingly and willfully conspire and agree with others to defraud the United States of and

concerning its governmental functions and rights, hereafter described, that is:

by knowingly using, possessing, obtaining, accepting, and receiving an immigrant visa, permit, and other document prescribed by statute or regulation for entry into or as evidence of authorized stay and employment in the United States, that is, 24 H-2B visas which the defendant knew to be procured by means of a false claim and statement and otherwise procured by fraud, in that the defendant claimed he had a bona fide need for the temporary workers in the petition for the H-2B visas and would pay the prevailing wage without charging illegal fees, at Houston, Texas; in violation of Title 18, United States Code, Sections 371 and 1546(a).

## Count 2
Harboring Illegal Aliens
8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i)

From on or about May 2019 to on or about April 2024, in the Southern District of Texas and elsewhere, the Defendant,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

knowing and in reckless disregard of the fact that an alien, namely, C.C.G., had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection and attempt to conceal, harbor, and shield from detection, such alien in buildings and other places for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and (B)(i).

## NOTICE OF FORFEITURE
18 U.S.C. § 982(a)(6)

Pursuant to Title 18, United States Code, Section 982(a)(6), the United States gives

notice to the Defendant,

**ANGEL REYES ISIDRO,**
**aka ANGEL REYES,**
**aka LUCAS ISIDRO REYES,**

that in the event of conviction of the visa fraud offense charged in Count One and the unlawful

harboring of aliens offense charged in Count Two of this Superseding Information, the United

States intends to seek forfeiture of:

(1)    Any conveyance, including any vehicle, used in the commission of the offense;

(2)    Any property, real or personal, that constitutes, or is derived from, or is traceable to, proceeds obtained directly and indirectly from the commission of the offense; and

(3)    Any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

## Property Subject to Forfeiture

Defendants are notified that the property subject to forfeiture includes, but is not limited

to, the following specific property:

1.  2023 Doolittle Trailer with VIN 1DGCS5332PM065595;

2.  2012 DODGE RAM 3500 with VIN 3C63DRGLXCG255042;

3.  $3,635.00 in U.S. currency seized on or about April 28, 2024, in or near Douglassville, Pennsylvania;

4.  $803.00 in U.S. currency seized on or about April 28, 2024, in or near Katy, Texas; and

5.  Net proceeds from the sale of 4223 Mandrake Point, Crystal River, Florida, seized in August 2024.

## Money Judgment and Substitute Assets

The United States gives notice that it will seek a money judgment against each Defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the Defendants up to the value of the property subject to forfeiture.

Nicholas J. Ganjei
UNITED STATES ATTORNEY

Christine J. Lu
Assistant United States Attorney